### BORDELON v. ATLAS LIFE INS. CO.*
### No. 4986.

Court of Appeal of Louisiana. Second Circuit.

June 4, 1935.

Lee J. Novo, of Alexandria, for appellant.

Geo. J. Ginsberg, of Alexandria, for appellee.

DREW, Judge.

Plaintiff instituted this suit to recover the proceeds alleged to be due under an accident insurance policy issued by defendant to Lionel J. Bordelon, in which policy plaintiff was made the beneficiary. The insured was killed in an automobile accident on April 15, 1934. Plaintiff alleged the policy was in full force and effect at the time of the accidental death of the insured, and prayed for judgment for the amount stipulated in said policy, plus interest as fixed by law in such cases.

The principal defense urged is that the policy had lapsed for nonpayment of the premium due on December 14, 1933. It is admitted that all premiums were paid up to that date. It is unnecessary to state the other defenses urged.

The lower court found for defendant, rejecting plaintiff's demands, and she has prosecuted this appeal.

The policy was issued to deceased on September 14, 1932, and provided for quarterly payments in advance in the amount of $1.-05. It is further shown by the testimony that insured was granted thirty days after due date, as days of grace, within which to make payment of premiums, and therefore the policy would not lapse until the days of grace had expired after the premium was due.

Plaintiff relies almost exclusively upon two cards which the insured was supposed to keep, and on which each payment of premium would be listed by the agent of defendant, showing the date the premium was due and when paid. The collector or agent would

*Rehearing denied July 15, 1935.

sign his name opposite in the space provided, and would do so at the time of receiving payment. The first card shows in spaces headed:

| Date When Due | When Paid | Signature of Collector |
|---|---|---|
| Year 1932 | Year 1933 | |
| 14th Dec. | 15th Dec., $1.05 | J. E. Potts |
| 14th Mar. | | |

The other card shows in spaces:

| Date When Due | When Paid | Signature of Collector |
|---|---|---|
| Year 1933 | Year 1933 | |
| 14th Dec. | 14th Dec., $1.05 | J. E. Potts |
| 14th Mar. | 14th Mar., $1.05 | " " " |
| 14th June | | |

There is no other notation of any kind on either card.

The next card which was produced by plaintiff at the request of defendant, shows the payment which was due June 14, 1933 (being the payment following chronologically after the March 14, 1933, payment), was paid to the agent or collector, named Morgan. The next payment, due September 14, 1933, was paid to an agent and collector, J. B. Coker, which is shown by ordinary receipt signed by Coker. No card for this payment is in the record. The next payment due was December 14, 1933, and is the payment which is disputed.

■ Plaintiff strenuously contends that evidence to vary the cards as to date or otherwise is inadmissible, and objected to any testimony to explain the inconsistency in the cards. By looking at the second card, which we have copied from the records, it will be seen that the first payment entered thereon is December 14, 1933, and the payment made afterward, or the second payment entered thereon, is March 14, 1933, or a payment which was due, and, according to the card, without any explanation thereof, was made nine months before the first payment entered on the card was made. Without any explanation, there is nothing to show that the payment due March 14, 1934, was ever made. That being the case, plaintiff's case would fall, as the insured was accidentally killed on April 15, 1934, and after the thirty days' grace had expired on the payment due March 14, 1934.

The lower court allowed the witnesses to explain the cards and to show the true state of facts, due to the confusion the cards themselves cause in the mind of any one who looks at them. They are not self-explanatory. Furthermore, the notation made as to the entries could cause plaintiff no injury, for the reason her case would have to fall without an explanation which would change the payment written March, 1933, on the card to read "March, 1934," for the reason the card fails to show a 1934 payment, and one was due and would have had to be made by deceased, in order to keep his policy in effect, since his death was on a date four months and one day after the last payment shown on any of the cards.

■ The explanation given by the witness, J. E. Potts, Morgan, and J. B. Coker, each of whom succeeded the other in defendant's employ, makes the case very simple. Each of these witnesses collected from deceased, as is shown by the signature on the cards and the receipts. Mr. Potts was district manager and collector for defendant until the latter part of May, 1933, when he severed his connection with the company, was checked out and relieved of all cards, receipts, and other paraphernalia belonging to defendant company. After that date he was not authorized to make any collections, and made none. The first credit signed by Potts, as collector, shows the payment due December 14, 1932, and paid December 14, 1933. The last year written thereon, 1933, is clearly an error, for the reason that Potts made no collections and was not in any way connected with the defendant company in December, 1933. To corroborate this fact, on this same card the next due date of a premium is listed showing it to be March 14, 1932—a full six months before the policy was issued by the company to the deceased. The next credit is likewise an error for the same reason, as it shows, after giving credit for the December 14, 1933, payment, the next payment due was the June, 1933, payment, which is an impossibility.

The reason for the errors is accounted for by uncontradicted testimony which shows that when a collector would call on deceased for payment of his premiums, invariably deceased would not have the last card given him, three months before, and each time the collector would give a duplicate made from memory, and the collector, being more concerned with the premium then due than those previously paid, would fill in the date, or year especially, in which the then due payment fell.

Another reasonable explanation of the card, which is signed by J. E. Potts, being dated 1933, is that the payment due December 14, 1932, took care of all payments up until March 14, 1933, and at the time the March 14, 1933, payment was made to Potts,

**644**

deceased did not have the card given him on December 14, 1932, and Potts, from memory, at the March 14, 1933, collection time, gave him a duplicate card, and showed the December 14, 1932, payment as received December 14, 1933. That Potts collected no money from deceased after March 14, 1933, is made plain by the evidence, and the agent and collector in charge on December 14, 1933, who continued as agent and collector until the date of insured's death, is positive the deceased never made any payment of premiums after September 14, 1933, although he called on him twice for the December payment.

Without further discussing the testimony, we are of the opinion the evidence preponderates in favor of defendant's contention, and that the policy had lapsed for failure to pay the December 14, 1933, premium.

The lower court found for defendant, and the judgment is correct. It is affirmed, with costs.